UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRILO GONZALEZ BOLANOS,<br>Petitioner,<br>v.<br><br>CHRISTOPHER J. LAROSE, ET AL.,<br>Respondents. | Case No.  26-cv-04145-RFL-MMP<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Dkt. No. 1 |

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241, asserting claims for violation of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment, and requesting a bond hearing or release.  (Dkt. No. 1 ("the Petition").)  The government responded to the Petition, acknowledging that Petitioner "appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 813 F. Supp. 3d 1084 (C.D. Cal. Nov. 25, 2025)," and thus, the government "do[es] not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. [Section] 1226(a)."  (Dkt. No. 4.)  For the reasons stated below, the Petition is **GRANTED**.  Respondents shall ensure that Petitioner is provided with a bond hearing within 14 days.

## I.      LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  "[T]he traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens

detained within the United States.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    ANALYSIS

Petitioner, a citizen of Mexico, has been residing in the United States since 2002.  (Dkt. No. 1 ¶¶ 25–26.)  As Respondents do not contest, Petitioner has no criminal history and works at a car wash.  (*Id.* ¶ 25.)  Immigration and Customs Enforcement arrested him in the interior of the United States on July 8, 2026, and he remains in immigration detention in the Otay Mesa Detention Center.  (*Id.* ¶ 27.)  The Department of Homeland Security has started a removal case against Petitioner, and that case is pending in the Otay Mesa Immigration Court.  (*Id.* ¶¶ 27–28.)  Petitioner asserts that he "qualifies to apply for asylum and related remedies."  (*Id.* at 28.)  Petitioner has not been given a bond hearing, presumably in reliance on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  (*Id.* ¶ 29.)

The Central District of California certified a class of which it appears that Petitioner was initially a member.  *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075, 1077–78 (C.D. Cal. 2025).  The case essentially overruled *Yajure Hurtado*.  *Id.* at 1080.  The Ninth Circuit has since stayed application of the class to any members outside the Central District of California.  *Maldonado Bautista v. U.S. DHS*, No. 26-1044, Dkt. No. 5 (9th Cir. Mar. 6, 2026).  Although *Maldonado Bautista* is not binding on this Court, many courts in this district have agreed with the reasoning in *Maldonado Bautista* and have found that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. Section 1225.  *See, e.g.*, *Rodriguez v. LaRose*, No. 25-cv-02940-RBM, 2025 WL 3456475, at *4–5 (S.D. Cal. Dec. 2, 2025); *Gregorio v. LaRose*, No. 25-cv-03322-BAS, 2025 WL 3653998, at *2–4 (S.D. Cal. Dec. 17, 2025); *Cortez Garrido v. Mullin*, No. 26-cv-02800-LEK, 2026 WL 1375950, at *1–2 & n.2 (S.D. Cal. May 15, 2026); *see also Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 936–37 (N.D. Cal. 2025).[1]  Therefore, for

---

[1] There is a circuit split on the meaning of "seeking admission" under Section 1225(b)(2), which the Ninth Circuit has not yet addressed, and the undersigned is of the view that "seeking

the reasons stated in those opinions, the Court **GRANTS** the Petition.  The Court does not reach Petitioner's Due Process Clause claim.

Petitioner has also requested that this Court award him attorney's fees.  (Dkt. No. 1 at 9.)[2] The Court will consider an application requesting reasonable attorney's fees that is filed within 30 days of the entry of judgment.  Accordingly, Petitioner's request for attorney's fees is **DENIED WITHOUT PREJUDICE**.

### III.      CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**.  Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. Section 1226(a) within 14 days of the filing of this Order.  Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. Section 1225(b)(2) requires mandatory detention.  If no bond hearing is held by **August 7, 2026**, Petitioner shall be released the following day.

The Clerk of the Court shall enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: July 24, 2026

_____
RITA F. LIN
United States District Judge

---

admission" does not refer to individuals like Petitioner who, at the time of their detention, were not arriving and seeking entry to the country and had been living here for years. *See Ibanez Daza v. Albarran*, No. 25-cv-10214-RFL, 2026 WL 1906353, at *2 (N.D. Cal. July 2, 2026).

[2] Citations to page numbers refer to ECF pagination.